```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA
```

EVIE L. HILSTOCK,              )
                               )
            Plaintiff,         )
                               )
v.                             )    Case No. CIV-13-082-FHS-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Evie L. Hilstock (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on September 14, 1961 and was 50 years old at the time of the ALJ's decision.  Claimant completed her high school education.  Claimant has worked in the past as a day care provider.  Claimant alleges an inability to work beginning December 8, 2009 due to limitations resulting from scoliosis, depression, a thyroid condition, and problems with her hands.

**Procedural History**

On December 8, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On October 14, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Deborah L. Rose. On February 9, 2012, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on January 4, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she retained the RFC to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly consider the medical source evidence; (2) failing to perform a proper step five evaluation; and (3) failing to perform

4

a proper credibility determination.

**Evaluation of the Medical Evidence**

In her decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease, scoliosis, a cognitive disorder, a depressive disorder, and an anxiety disorder. (Tr. 25). She also found Claimant retained the RFC to perform a range of light work except Claimant was limited to simple routine tasks (unskilled), superficial and incidental interaction with co-workers and supervisors for work purposes, and should avoid significant interaction with the public. (Tr. 27). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of mail clerk, food preparer, machine operator, and production assembler, all of which the vocational expert determined existed in sufficient numbers in the national and regional economies. (Tr. 31).

As a subset of her first argument, Claimant contends the ALJ failed to adequately evaluate the opinion of her treating physician, Dr. William Grubb. Dr. Grubb authored an undated letter which states that Claimant had chronic mid and lower back pain with arthralgia in her legs and myalgia in her hips and legs. He set forth the medication which he prescribed for the condition. Dr. Grubb states that the condition caused Claimant to decrease her

5

activity and resulted in weight gain. He opined that when Claimant stands or walks for more than about fifty feet or lifting any objects produces back and leg discomfort beyond what she feels she can tolerate with her present medication. Dr. Grubb states that Claimant was unable to continue working which involved lifting, walking, and sometime substantial physical activity over a period of 8 to 10 hours per day. He concludes that Claimant "appears to be effectively disabled from work now." (Tr. 239).

The ALJ found Claimant was treated by Dr. Grubb from August of 2008 to March of 2010. He determined Claimant was not under the care of Dr. Grubb as she stated on August 10, 2010. The ALJ found Dr. Grubb's treatment records indicated he prescribed medication to Claimant and referred her to an orthopedic doctor. She ultimately determined that Dr. Grubb invaded the province of the Commissioner and, therefore, did not afford his opinion controlling weight. The ALJ concluded that Dr. Grubb's opinion was due "little weight because it is in conflict with Dr. Grubb's own treatment records, is not supported by medically acceptable clinical and laboratory techniques, and is inconsistent with the other substantial evidence . . . ." (Tr. 29).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is

6

entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted).

After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ did not provide the necessary analysis of Dr. Grubb's opinion as required by Watkins. The medical record contains consistent evidence of some limitation caused by Claimant's back condition and pain. (Tr. 217-39, 270-74, 292-98, 308-28). On remand, the ALJ shall re-evaluate Dr. Grubbs opinion in light of the complete medical record and the requirements of Watkins.

### Step Five Evaluation

Claimant contends the ALJ failed to include her determined moderate limitation of Claimant's concentration, persistence or pace in the hypothetical questioning of the vocational expert. "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute

8

substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489. The ALJ's questioning did not mirror Claimant's limitations. On remand, the ALJ shall include all limitations in the questioning of the vocational expert.

### Credibility Determination

Claimant asserts the ALJ failed to adequately evaluate her testimony under the appropriate standard. It does appear that the ALJ failed to proceed through the appropriate analysis before rejecting Claimant's subjective statements. (Tr. 29-10). Claimant's allegations of depression, poor concentration, and memory problems find some support in the record but little consideration in the ALJ's decision.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not

just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

It appears in discounting Claimant's assertions of limitations and pain the ALJ did not follow the factors related in the case of Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987) in evaluating her credibility. In Luna, the Tenth Circuit established "if an

impairment is reasonably expected to produce *some* pain, allegations of *disabling* pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence." Id. at 164. More importantly, it appears the ALJ ignored the factors required to be considered by Soc. Sec. R. 96-7p. The ALJ set forth many of the facts related to these factors such as the daily activities of the Claimant but then did not discuss how those facts affected her credibility analysis. On remand, the ALJ shall specifically address the factors required by Soc. Sec. R. 96-7p.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 10th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE